| | |
|---|---|
| 1 | Stephen M. Doniger (SBN 179314) |
|   | stephen@donigerlawfirm.com |
| 2 | Scott A. Burroughs (SBN 235718) |
| 3 | scott@donigerlawfirm.com |
|   | Trevor W. Barrett (SBN 287174) |
| 4 | tbarrett@donigerlawfirm.com |
| 5 | Justin M. Gomes (SBN 301793) |
|   | jgomes@donigerlawfirm.com |
| 6 | DONIGER / BURROUGHS |
| 7 | 603 Rose Avenue |
|   | Venice, California  90291 |
| 8 | Telephone: (310) 590-1820 |
| 9 | Attorneys for Plaintiff |
|   | UNITED FABRICS INTERNATIONAL, INC. |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FABRICS INTERNATIONAL, INC., a California Corporation, | Case No.: |
| Plaintiff, | COMPLAINT FOR: |
| v. | 1. COPYRIGHT INFRINGEMENT; |
| MEETU MAGIC, INC., a New Jersey Corporation; ROSS STORES, INC., a California Corporation; BURLINGTON COAT FACTORY DIRECT CORP., a New Jersey Corporation; LDI, INC. an Illinois Corporation, individually and doing business as "LAZY DAISY, INC."; and DOES 1-10, | 2. VICARIOUS AND CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |
| Defendants. | |

United Fabrics International, Inc. ("UFI"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff UFI is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1723 S. Central, Los Angeles, CA 90021.

5. Plaintiff is informed and believes and thereon alleges that Meetu Magic, Inc. ("Magic") is a corporation organized and existing under the laws of New Jersey, and is doing business in and with the State of California.

6. Plaintiff is informed and believes and thereon alleges that Ross Stores, Inc. ("Ross") is a corporation organized and existing under the laws of California, and is doing business in and with the State of California.

7. Plaintiff is informed and believes and thereon alleges that Burlington Coat Factory Direct Corp. ("Burlington") is a corporation organized and existing under the laws of New Jersey, and is doing business in and with the State of California.

8. Plaintiff is informed and believes and thereon alleges that LDI, Inc., individually and doing business as "Lazy Daisy, Inc." (collectively, "Lazy Daisy"), is a corporation organized and existing under the laws of Illinois, and is doing business in and with the state of California.

9. Plaintiff is informed and believes and thereon alleges that Defendant Does 1-10, inclusive, is a manufacturer, and/or a vendor (and/or agent or employee to a manufacturer or vendor) of garments to Defendant, which Doe Defendants have manufactured and/or supplied and are manufacturing and/or supplying fabrics and other product printed with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants Does 1-10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend the operative complaint to show their true names and capacities when same have been ascertained.

10. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN 8634-CURVED

11. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing. Plaintiff designated this artwork "8634-CURVED" (the "Subject Design"). The Subject Design is an original work of authorship created by Plaintiff, by and through its employees, and is, and at all relevant times was, owned in exclusivity by Plaintiff. A true and correct image of the Subject Design is displayed below:

SUBJECT DESIGN



12. Plaintiff applied for and received a United States Copyright Registration for the Subject Design.

13. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing the Subject Design to numerous parties in the fashion and apparel industries.

14. Prior to the acts complained of herein, Plaintiff is informed and believes and thereon alleges that, following this distribution of fabric bearing the Subject Design, and without Plaintiff's authorization, Defendants, and each of them,

4

COMPLAINT

1  manufactured, distributed, and/or sold fabric and/or garments comprised of fabric
2  featuring a design which is identical or substantially similar to the Subject Design
3  (the "Subject Product"), including but not limited to:

4      a. Ross garments sold under SKU 4-000-9666-5136. Such Subject
5      Product bore the "etc. by lazy daisy" label, and identifying
6      information indicating that said garments were manufactured or
7      supplied by or for Lazy Daisy, or Doe Defendants. True and correct
8      images of one such garment are displayed below:

<u>Subject Product</u>    <u>Subject Product Detail</u>

 

b. Burlington garments sold under SKU 05-619-50666656-3 or Style
No. 315 (MAXI-315). Such Subject Product bore the "Magic" label,
and identifying information indicating that said garments were

manufactured or supplied by or for Magic, or Doe Defendants. True and correct images of one such garment are displayed below:

| Subject Product | Subject Product Detail |
|---|---|
|  |  |

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

15. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this complaint.

16. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design including, without limitation, through (a) direct access to Plaintiff's showroom and design library; (b) access to illegally

distributed copies of Subject Design by third-party vendors and/or Doe Defendants, including without limitation international and overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by Plaintiff for its customers.

17. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed the Subject Design in that said garments were composed of fabric which featured an unauthorized print design(s) that were identical or substantially similar to the Subject Design, or were an illegal modification thereof.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making, or developing directly infringing or derivative works from the Subject Design and by producing, distributing or selling garments which infringe the Subject Design through a nationwide network of retail stores, catalogues, and through on-line websites.

19. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

20. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

21. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and

indirectly attributable to Defendant's infringement of the Subject Design in an amount to be established at trial.

22. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

## SECOND CLAIM FOR RELIEF

(For Vicarious and Contributory Copyright Infringement - Against All Defendants)

23. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this complaint.

24. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged herein.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

26. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

27. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

29. <u>With Respect to Each Claim for Relief</u>

   a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

   b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*;

   c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. §§ 101, *et seq.*;

d. That a constructive trust be entered over all Infringing Product and any revenues derived from the sales or distribution of Infringing Product;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded the costs of this action; and

g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: July 29, 2015          By:   */s/ Scott A. Burroughs*
                                    Scott A. Burroughs, Esq.
                                    Trevor W. Barrett, Esq.
                                    Justin M. Gomes, Esq.
                                    DONIGER / BURROUGHS
                                    Attorneys for Plaintiff
                                    United Fabrics International, Inc.